UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20cv23115

REIMY RIVAS AND JACQUELINE RIVAS,

    Plaintiffs,
vs.

NEWREZ, LLC d/b/a SHELLPOINT
MORTGAGE SERVICING,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, REIMY RIVAS and JACQUELINE RIVAS (hereinafter "Plaintiffs" or "Rivas"), hereby files their Complaint against Defendant, NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVICING (hereinafter "Defendant" or "NewRez"), and alleges:

**INTRODUCTION**

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and their implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA, and the respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA, Section 1024.35 and 1024.41 of Regulation X.

4. All conditions precedent to the filing of this action have been satisfied.

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7. Venue in this District is proper because Plaintiff resides in Miami-Dade County, Florida and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8. At all times material hereto, Defendant NewRez was and is a Pennsylvania limited liability company with its principal place of business at 1100 Virginia Drive, Suite 125, Fort Washington, PA 19034. Defendant NewRez is duly licensed to transact business in the State of Florida, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

9. Defendant NewRez identifies themselves and does business as Shellpoint Mortgage Servicing

10. At all times material hereto, Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the Plaintiffs' residential property, located at 10056 NW 127th Street, Hialeah Gardens, FL 33018, Florida 33461 (the "Subject Property").

11. At all times material hereto, Plaintiffs owned and continues to own the Subject Property, which is located in Miami-Dade County, Florida.

12. The Subject Property is a residential single-family home structure.

13. At some point in time prior to the violations alleged herein, the Defendant was hired to service the subject loan.

14. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as account number ******9804.

## BACKGROUND AND GENERAL ALLEGATIONS

15. On or about August 4, 2006, Plaintiffs entered into a promissory note agreement with Quick Loan Funding (the "Note") for what they intended to be their primary residence. The Note was secured by a mortgage on the Subject Property (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "Loan").

16. On January 14, 2020, a loss mitigation application ("LMP") was submitted on behalf of the Plaintiffs to Bayview Loan Servicing, the servicer at that time. *See* Fax Confirmation dated January 14, 2020 attached hereto as **Exhibit "A"**.

17. Subsequent to Plaintiffs submitting the LMP to Bayview Loan Servicing, the underlying Loan was transferred to Defendant NewRez for servicing.

18. On March 6, 2020 Defendant NewRez sent a notification to Plaintiffs advising that additional documents were needed by April 5, 2020 to continue reviewing the LMP. *See* Additional Document Request dated March 6, 2020 attached hereto as **Exhibit "B"**.

19. On March 26, 2020, Plaintiffs submitted the requested additional documents to Defendant NewRez via fax and e-mail. *See* Fax Confirmation dated March 26, 2020 attached hereto as **Exhibit "C"**.

20. Pursuant to 12 C.F.R. § 1024.41(c)(2)(iv), upon Plaintiffs' submission of the requested additional documents, the LMP shall be considered facially complete.

21.     After receipt of Plaintiffs' facially complete LMP, Defendant NewRez was also required to provide a written notice stating which loss mitigation options, if any, the Defendant would offer Plaintiffs within thirty (30) days after the application was considered "complete." Defendant failed to respond despite being required to do so pursuant to 12 C.F.R. § 1024.41(c)(1).

22.     Receiving no response, Plaintiffs, on April 28, 2020 sent Defendant NewRez a Notice Loss Mitigation Application Response Not Received (the "NOE") in advance of litigation. *See* NOE dated April 28, 2020 attached hereto as **Exhibit "D"**.

23.     Defendant NewRez received Plaintiffs' NOE on May 15, 2020.

24.     To date, Defendant NewRez has failed to or refused to comply with 12 C.F.R. § 1024.41(c), in that no written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, will be offered to Plaintiffs.

25.     Plaintiffs retained Loan Lawyers, LLC ("Loan Lawyers") as counsel and Jenkins Lorenzo, LLC ("Jenkins Lorenzo") as co-counsel for legal representation in this action and has agreed to pay a reasonable attorney's fee.

## DAMAGES

26.     Plaintiffs have been injured and suffered actual damages by virtue of Defendant's repeated violations of those legal rights and protections which Congress provided to Plaintiff and other consumers like him. The threshold of Defendant's violations stem from repeated failures to respond to the LMP submitted for Plaintiffs. Plaintiffs' injuries result in-part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, Plaintiffs' procedural rights under RESPA were violated by not providing a response to the LMP despite additional notice of same via the NOE.

27.     Plaintiffs are entitled to actual damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited

to: (1) photocopying costs and postage costs incurred in mailing Plaintiffs' NOE; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to Defendant's failure to adequately respond to Plaintiffs' LMP, which includes the Notice of Error.

28. Plaintiffs have also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing their property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address Plaintiffs' concerns relating to their mortgage, while simultaneously fearful of an imminent state court foreclosure action.

29. The Defendant has also violated Regulation X with respect to the numerous loans it services, including but not limited to, the following loans:

    a. With respect to CFPB Consumer Complaint ID(s) 3494629, the Defendant violated RESPA by failing to provide an adequate written response to a qualified written request.

    b. With respect to CFPB Consumer Complaint ID 3167577, the Defendant violated RESPA by failing to provide an adequate written response to a qualified written request.

    c. With respect to CFPB Consumer Complaint ID 2670336, the Defendant violated RESPA by failing to provide an adequate written response to a qualified written request.

    d. With respect to CFPB Consumer Complaint ID 2663801, the Defendant violated RESPA by failing to provide an adequate written response to a qualified written request.

e.  With respect to CFPB Consumer Complaint ID 2237580, the Defendant violated RESPA by failing to provide an adequate written response to a qualified written request.

f.  With respect to CFPB Consumer Complaint ID 1634138, the Defendant violated RESPA by failing to provide an adequate written response to a qualified written request.

30. Plaintiffs are entitled to statutory damages in an amount not greater than $2,000.00 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of Defendant's pattern or practice of noncompliance with Regulation X and RESPA.

31. Additionally, Plaintiffs are entitled the costs of this action, together with a reasonable attorney's fee as determined by the court and pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 above.

33. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>   A servicer of a federally related mortgage shall not--
>   …
>   **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>   …
>   **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.
>
> 12 U.S.C. § 2605(k)(emphasis added)

34. Section 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013) ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10822 ("The Bureau relies on its authority under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

35. The CFPB's authority to prescribe such regulations under Section 2605(k)(1), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

36. Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(c)(1) in that no written notice was provided to Plaintiffs within thirty (30) days of receipt of a complete loss mitigation application stating which loss mitigation options, if any, would be offered.

37. As such, the Defendant has violated 12 U.S.C. § 2605(k)(1)(C) and § 2605(k)(1)(E).

38. As a result of the above violations, Plaintiffs are entitled to recovery for actual and statutory damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs REIMY RIVAS and JACQUELINE RIVAS respectfully requests that this Honorable Court enter an order granting judgment for the following:

(a) That the Defendant be required to provide a written notice and determination in compliance with 12 C.F.R. § 1024.41(c)(1);

(b) For actual damages, statutory damages, costs and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs REIMY RIVAS and JACQUELINE RIVAS hereby demands a trial by jury of all issues so triable.

Dated this 28th day of July 2020.

Respectfully Submitted,

        **JENKINS LORENZO, LLC**
*Co-Counsel for Plaintiffs*
18851 NE 29th Avenue, Ste. 700
Aventura, Florida 33180
Tel: (305) 456-1450

By: */s/ Chase E. Jenkins, Esq.*
    Chase E. Jenkins, Esq.
    Florida Bar No. 94261
    cjenkins@jenkinslorenzo.com
    Jorge "J.D." Lorenzo, Esq.
    Florida Bar No. 81702
    jlorenzo@jenkinslorenzo.com

    */s/ Laura Hoy Chebat*
    Laura Hoy Chebat, Esq.
    Florida Bar No. 59025
    LOAN LAWYERS, LLC
    *Co-Counsel for Plaintiff*
    3201 Griffin Road, Suite 100
    Fort Lauderdale, FL 33312
    Telephone: (954) 523-4357
    laura@fight13.com